UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION



FILED
MAR 1 2 2013
CLERK

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| ARMANDO IXTLILCO-HERNANDEZ | \* | CIV. 12-5020 |
| Petitioner, | \* | |
| -vs- | \* | REPORT and RECOMMENDATION |
| UNITED STATES OF AMERICA, | \* | |
| Respondent. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Petitioner, Armando Ixtlilco-Hernandez, is a federal inmate currently incarcerated at the Federal Correctional Institution at Sandstone, Minnesota. He has filed a *pro se* Motion to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C. § 2255.

## JURISDICTION

The pending matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Judge Schreier's Standing Order dated March 18, 2010.

## DISCUSSION

Petitioner has requested and been granted two extensions of time to file a Brief in Support of his Motion to Vacate, Set Aside or Correct his Sentence. *See* Doc. 3, Doc. 8. The Court has also granted Petitioner's Motion for Transcripts. *See* Doc. 5.

The Petitioner's Supplement in Support of Motion to Vacate alleges his former counsel was ineffective in several ways. *See* Doc. 11. In preparation for filing its response, the Government requested that Petitioner be required to sign and file an Attorney-Client Privilege Waiver Form which would allow Petitioner's former counsel to respond to Petitioner's ineffective assistance of counsel allegations. On December 28, 2012, the Court entered an Order which required Petitioner to sign the Attorney-Client Privilege Waiver Form within 30 days. The Court's Order further instructed that if the Petitioner did not sign and return the Attorney-Client Privilege Waiver form within 30 days, the allegations of ineffective assistance of counsel would be stricken from his § 2255 Motion.

More than 30 days have passed since the Court's Order directing Petitioner to sign and file the Attorney-Client Privilege Waiver form. Petitioner has not signed nor filed the form nor has Petitioner communicated with the Court in any manner whatsoever since the Court's December 28, 2012 Order.

The Court has reviewed the Supplement filed in support of Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. Doc. 11. Each of the six issues presented are based on Petitioner's claim that his trial counsel was ineffective. Because Petitioner has failed to sign and file the Attorney-Client Privilege Waiver, therefore, all of Petitioner's claims must be stricken from the § 2255 Motion. Because no issues remain for the Court's consideration after the ineffective assistance claims have been stricken, dismissal without prejudice of Petitioner's entire Motion to Vacate is appropriate.

## CONCLUSION and RECOMMENDATION

It is therefore respectfully RECOMMENDED to the District Court that:

(1) Pursuant to the Court's December 28, 2012 Order (Doc. 15) that Petitioner must within 30 days of the Order sign and return the Attorney-Client Waiver Form, all of the ineffective assistance of counsel claims within Petitioner's Motion to Vacate (Doc. 1) should be STRICKEN. Because the Motion consists solely of six ineffective assistance of counsel claims, dismissal of the Motion to Vacate, without prejudice, is appropriate.

(2) Petitioner's Motion to Vacate, Set Aside or Correct Sentence (Doc. 1 in this file) should be DISMISSED without prejudice;

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court.
*Thompson v. Nix*, 897 F.2d 356 (8th Cir. 1990)
*Nash v. Black*, 781 F.2d 665 (8th Cir. 1986)

Dated this 12 day of March, 2013.

BY THE COURT:

John E. Simko
United States Magistrate Judge

2