UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| ARMANDO IXTLILCO-HERNANDEZ,<br><br>               Plaintiff,<br><br>  vs.<br><br>UNITED STATES OF AMERICA,<br><br>               Defendant. | CIV. 12-5020-JLV<br><br>ORDER |

**INTRODUCTION**

On April 12, 2012, petitioner Armando Ixtlilco-Hernandez, an inmate at the Federal Correctional Institution in Sandstone, Minnesota, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255. (Docket 1). On October 18, 2013, the government moved to dismiss the petition. (Docket 28). Mr. Ixtlilco-Hernandez opposed the motion. (Docket 32). Pursuant to a standing order of March 18, 2010, the matter was referred to United States Magistrate Judge John E. Simko pursuant to 28 U.S.C. § 636(b)(1)(B). On July 14, 2014, Judge Simko issued a report recommending the court grant the government's motion to dismiss. (Docket 33). Mr. Ixtlilco-Hernandez was granted an extension until August 29, 2014, to file objections to the report and recommendation. (Docket 36). On September 4, 2014, Mr. Ixtlilco-Hernandez filed his objections. (Docket 37). For the reasons stated below, Mr. Ixtlilco-Hernandez's objections are overruled and the report and recommendation is adopted in full.

**DISCUSSION**

The court reviews *de novo* those portions of the report and recommendation which are the subject of objections. Thompson v. Nix, 897 F.2d 356, 357-58 (8th Cir. 1990); 28 U.S.C. § 636(b)(l). The court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Mr. Ixtlilco-Hernandez filed three objections to the report and recommendation. The objections are stated under the following titles:

1. Counsel's Failure to Argue The Drug Quantity;

2. Counsel's Failure to Argue 3553(a) Factors;

3. Family and Friend Statements; and

4. Counsel Failed to Explain The Plea Agreement in Spanish.

(Docket 37). Each of petitioner's objections will be separately addressed.

**1. COUNSEL'S FAILURE TO ARGUE THE DRUG QUANTITY**

Mr. Ixtlilco-Hernandez claims the report and recommendation is in error because it improperly dismissed petitioner's claim that his attorney failed to properly argue the drug quantity at sentencing. (Docket 37 at p. 1). Petitioner asserts he was arguing against the 500 or more grams of methamphetamine required to form the basis for conviction. Id.

Mr. Ixtlilco-Hernandez's argument ignores that portion of the change of plea hearing during which the court focused on the factual basis statement. In the written statement signed by Mr. Ixtlilco-Hernandez, he acknowledged that

"[o]ver the course of this conspiracy, the Defendant imported and sold in excess of 500 grams of methamphetamine . . . ." United States v. Ixtlilco-Hernandez, CR. 5:10-50075-01-JLV, Docket 50 at p. 2. During the change of plea hearing during which Mr. Ixtlilco-Hernandez was under oath, the court engaged him in a discussion about the factual basis statement:

> THE COURT: Mr. Ixtlilco, do you remember reviewing the Statement of Factual Basis in this case with your attorney and an inter pretor [sic]?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And Mr. Christensen, if you could please show that document to your client. This is a Factual Basis Statement filed with the Court on February 3rd of 2011 as our docket entry number 50. Mr. Ixtlilco, is every fact set out in the Factual Basis Statement true and accurate?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Is there any information in that statement which is not true?
>
> THE DEFENDANT: No.
>
> THE COURT: Does your signature appear on page two of the Statement of Factual Basis?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And did you sign this statement because you are, in fact, guilty of the offense set out in Count 1 of the indictment?
>
> THE DEFENDANT: Yes.

| | |
|---|---|
| THE COURT: | Did anyone threaten you to get you to admit to things that are set out in this factual basis statement? |
| THE DEFENDANT: | No. |
| THE COURT: | Did anyone pressure you to sign this statement or enter a plea of guilty? |
| THE DEFENDANT: | No. |
| THE COURT: | Did anyone promise you anything to get you to sign this statement or to plead guilty, other than the promise of the United States to recommend a guideline sentence? |
| THE DEFENDANT: | No. |

(CR. 5:10-50075-01-JLV, Docket 110 at pp. 18-20). There is no credible evidence that Mr. Ixtlilco-Hernandez did not understand the factual basis statement, the court's questions or that he understood the consequences of his personal admission that the conspiracy involved 500 grams or more of methamphetamine. The objection on this issue contradicts Mr. Ixtlilco-Hernandez's own sworn testimony and is without merit.

Concerning Mr. Ixtlilco-Hernandez's claim that his attorney did not properly address the drug quantity identified in the presentence report ("PSR"), this objection ignores the portion of the sentencing transcript addressed in the report and recommendation. The report cited the evidentiary hearing which occurred during the course of sentencing in which defense counsel objected to the total amount of methamphetamine attributed to the defendant in the PSR.

(Docket 33 at p. 6). Mr. Ixtlilco-Hernandez's objection is without merit and is overruled.

**2.    COUNSEL'S FAILURE TO ARGUE 3553(a) FACTORS**

Mr. Ixtlilco-Hernandez argues the magistrate judge improperly focused upon and emphasized the case of <u>United States v. Navarro</u>.[1]  (Docket 37 at p. 2). Petitioner asserts it is unfair to lump all illegal aliens together in declaring Mr. Ixtlilco-Hernandez a flight or escape risk.  <u>Id.</u>  Rather, Mr. Ixtlilco-Hernandez argues the court should have evaluated his attorney's performance during the sentencing hearing based upon petitioner as an individual.

Mr. Ixtlilco-Hernandez misses the point of the magistrate judge's analysis. The report properly concludes a defendant arguing for a downward variance or departure must show "something more than his family needs his support." (Docket 33 at p. 10).  Petitioner does not point to any specific information which should have been presented at sentencing which would have enhanced his opportunity to successfully argue for a downward variance or departure.  To simply argue "my attorney should have done more to achieve a downward variance or departure" is not a proper challenge to the conduct of counsel or a proper objection to the report and recommendation.  Mr. Ixtlilco-Hernandez's objection is without merit and is overruled.

---

[1] 218 F.3d 895 (8th Cir. 2000).

### 3. FAMILY AND FRIEND STATEMENTS

Mr. Ixtlilco-Hernandez makes a similar objection regarding his attorney's failure to call family and friends at sentencing, or at least obtain written statements from them to convince the court to sentence him below the low end of the sentencing guideline range. (Docket 37 at p. 3). Petitioner argues "[i]t cannot be determined by the record whether this would have . . . made a positive impact on his sentence and when this was taken away it was done so by way of ineffective assistance of counsel." Id. As with objection 2, Mr. Ixtlilco-Hernandez does not identify the content of any written statements from family or friends which his attorney should have presented at sentencing. This is the same generalized argument made to the magistrate judge and is properly rejected in the report and recommendation. See Docket 33 at p. 10 n.9. Without specific evidence focusing on his claim of ineffective assistance of counsel and the objection to the report and recommendation, Mr. Ixtlilco-Hernandez "has not made the required showing of prejudice required under Strickland."[2] Id. (referencing Sanders v. Trickey, 875 F.2d 205, 210 (8th Cir. 1989)). Mr. Ixtlilco- Hernandez's objection is without merit and is overruled.

### 4. COUNSEL FAILED TO EXPLAIN THE PLEA AGREEMENT IN SPANISH

Mr. Ixtlilco-Hernandez claims he was forced to have four different interpreters during the course of his case which was confusing and forced him to

---

[2]Strickland v. Washington, 466 U.S. 668 (1984).

6

simply answer "yes" to every question asked by the court. (Docket 37 at p. 4). He argues being forced to answer "yes to questions that would alter his life forever" was not a proper course for the court or his attorney to take. Id.

Mr. Ixtlilco-Hernandez's objection is contradicted by the portion of the change of plea hearing transcript recited in the report. (Docket 33 at pp. 11-14). Mr. Ixtlilco-Hernandez acknowledged there was nothing interfering with his ability to change his plea from not guilty to guilty. Id. at pp. 11-12. He also acknowledged he signed the plea agreement of his own free will. Id. at p. 14. These statements made under oath are not overcome by petitioner's assertions in his objections to the report and recommendation. Mr. Ixtlilco- Hernandez's objection is without merit and is overruled.

The court finds the report and recommendation is an accurate and thorough recitation of the facts and applicable case law. The court further finds Judge Simko's legal analysis is well reasoned.

## ORDER

Based on the above analysis, it is

ORDERED that Mr. Ixtlilco-Hernandez's objections (Docket 37) are overruled.

IT IS FURTHER ORDERED that the report and recommendation (Docket 33) is adopted in full.

IT IS FURTHER ORDERED that the government's motion to dismiss (Docket 28) is granted.

IT IS FURTHER ORDERED that Mr. Ixtlilco-Hernandez's petition (Docket 1) is dismissed with prejudice.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 2253(c) and Rule 11 of the Rules Governing Section 2255 Cases in the United States District Courts, the court declines to issue a certificate of appealability. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added) (establishing a two-prong standard). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the case or that the petitioner should be allowed to proceed further. In such circumstances, no appeal would be warranted." Id. The court does not believe reasonable jurists would find the court's ruling debatable or wrong. Accordingly, a certificate of appealability shall not issue in light of the second prong of the Slack standard.

Although the court declines to issue a certificate of appealability, Mr. Ixtlilco-Hernandez may timely seek a certificate of appealability from the United States Court of Appeals for the Eighth Circuit under Fed. R. App. P. 22. See

Rule 11(a) of the Rules Governing Section 2255 Cases in the United States District Courts and Fed. R. App. P. 22.

Dated September 9, 2015.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE